UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIJAH LEE MILLER,<br><br>　　　　　　Petitioner,<br><br>　　v.<br><br>STATE OF CALIFORNIA, et al.,<br><br>　　　　　　Respondents. | Case No. 5:23-cv-00020-JVS-MAA<br><br>**ORDER DISMISSING PETITION AND DISMISSING ACTION WITHOUT PREJUDICE** |

**I.　　INTRODUCTION AND BACKGROUND**

　　On December 28, 2022, Petitioner Elijah Lee Miller filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the United States District Court for the Southern District of California ("Petition"). (Pet., ECF No. 1.) The Petition alleges four grounds for federal habeas relief: (1) "false imprisonment, false conviction, false sentencing, unlawful [detention]"; (2) the District Attorney and Judge "wanted to get [Petitioner's] case over with"[1]; (3) same allegation as

---

[1] As supporting facts for Ground Two, the Petition states that Petitioner was informed prior to the date of conviction and sentencing that Josef Daniel Miller was "in trouble . . . [for] threats or assault" and that the Judge and District Attorney manipulated Petitioner into signing a document related to the attempted murder charge. (Pet. 7–8.)

contained in Ground Two, plus Petitioner requests immediate release from custody; (4) same allegation as contained in Ground Three, plus Petitioner requests immediate release from custody, $20,000,000.00 in damages, and expungement of Petitioner's criminal record.  (*Id.* at 6–9.)[2]

On January 3, 2023, the Southern District of California transferred the Petition to this Court.  (ECF No. 3.)  On January 27, 2023, the Court issued an Order re: Filing of Petition, screening the Petition and ordering Petitioner to show cause why the Petition should not be dismissed for lack of personal jurisdiction or failure to verify the Petition under penalty of perjury.  (ECF No. 8.)  In addition, in light of the uncertainty as to whether Petitioner had presented the claims raised in the Petition to the California Supreme Court, the Order also reminded Petitioner of the requirement to exhaust claims in state court before proceeding with seeking federal habeas relief.  (*Id.* at 3–4.)

On February 13, 2023, the Court issued an Order addressing three filings from Petitioner received on January 30 and February 6, 2023 (ECF Nos. 9, 11, 13), and reminding Petitioner that the response to the Order re: Filing of Petition was due no later than February 27, 2023.  (ECF No. 14, at 2.)  On March 24, 2023, Petitioner filed a document entitled "Letter" requesting to know whether there was anything Petitioner needed to do regarding this case.  (ECF No. 15, at 2.)  On March 30, 2023, the Court issued an Order addressing the Letter and extending the deadline to respond to the Order re: Filing of Petition to no later than thirty (30) days after the date the Order was issued, or to April 29, 2023.  (ECF No. 16.)  In the absence of a response from Petitioner, on May 19, 2023, the Court issued an Order to Show Cause re: Dismissal for Lack of Prosecution, ordering Petitioner to show cause by June 19, 2023 why the Court should not recommend that the case be dismissed for lack of prosecution and failure to comply with court orders ("OSC").

---

[2] Pinpoint citations in this Order refer to the page numbers appearing in the ECF-generated headers of the cited documents.

1  (ECF No. 17.) On June 5, 2023, Petitioner filed a letter requesting to know the
2  status of the action and the next "phase [in the] process." (ECF No. 18.) On July 6,
3  2023, the Court issued an order discharging the OSC and granting one final
4  extension of time to file a response to the Order re: Filing of Petition ("July 6
5  Order"). (ECF No. 19.) In the July 6 Order, the Court granted Petitioner an
6  additional thirty (30) days to file a response to the Order re: Filing of Petition, or to
7  August 7, 2023, and expressly cautioned Petitioner that "**a lack of response to this**
8  **Order may result in a recommendation that the action be dismissed for failure**
9  **to prosecute and failure to comply with court orders**" ("July 6 Order"). (*Id*. at
10 2.)

11       To date, Petitioner has failed to respond to either the Order re: Filing of
12 Petition or the July 6 Order. Indeed, Petitioner has not communicated with the
13 Court since June 5, 2023.

14

15 **II.    LEGAL STANDARD**
16       District courts may dismiss cases *sua sponte* for failure to prosecute or for
17 failure to comply with a court order under Rule 41(b). *Hells Canyon Pres. Council*
18 *v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005); *see also Link v. Wabash*
19 *R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power"
20 to dismiss cases *sua sponte* for lack of prosecution). Unless the Court states
21 otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.
22 Fed. R. Civ. P. 41(b). "Dismissal is a harsh penalty and is to be imposed only in
23 extreme circumstances." *In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.*,
24 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. USPS*, 833 F.2d 128, 130
25 (9th Cir. 1987)).

26       "A Rule 41(b) dismissal 'must be supported by a showing of unreasonable
27 delay.'" *Omstead v. Dell*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson*
28 *v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). In addition, the court must weigh

the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal." *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). Finally, "in order to warrant a sanction of dismissal, the party's violations of the court's orders must be due to wilfulness or bad faith." *Id*.

### III. ANALYSIS

#### A. The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[3] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

---

[3] The first two factors are usually reviewed together "to determine if there is an unreasonable delay." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

4

Petitioner has not filed any response to the Order re: Filing of Petition or July 6 Order, and has not otherwise participated in this lawsuit since June 5, 2023. The Court concludes that Petitioner's inaction and lack of communication with the Court constitutes willful unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Petitioner's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'") (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors favor dismissal.

### B.     Risk of Prejudice to Respondents

The third factor (risk of prejudice to the respondents) also weighs in favor of dismissal. "A [respondent] suffers prejudice if the [petitioner's] actions impair the [respondent's] ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. (citing *In re Eisen*, 31 F.3d at 1453). The risk of prejudice to a respondent is related to a petitioner's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the [petitioner's] excuse for the default." *Malone*, 833 F.2d at 131.

Here, Petitioner has failed to comply with the Order re: Filing of Petition and July 6 Order. Indeed, Petitioner has not communicated with the Court since June 5,

2023. As "a presumption of prejudice arises from the [petitioner's] unexplained failure to prosecute," the third factor favors dismissal. *See Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998).

### C. Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

The Court considered and implemented less drastic alternatives prior to dismissal. The Court expressly warned Petitioner that failure to comply with the July 6 Order would result in a recommendation that the Petition be summarily dismissed without prejudice for failure to prosecute and failure to comply with court orders. (July 6 Order 2.) *See In re: Phenylpropanolamine*, 460 F.3d at 1229 ("Warning that failure to obey a court order will result in dismissal can itself meet the 'consideration of alternatives' requirement."). The fourth factor weighs in favor of dismissal.

### D. Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). The case has been stalled by Petitioner's failure to respond to the Orde re: Filing of Petition and July 6 Order. Still, the public policy favoring the resolution of disputes on the merits is strong

and, under the circumstances, outweighs Petitioner's noncompliance and inaction.

### E. Dismissal Without Prejudice

In summary, Petitioner's failure to comply with the Order re: Filing of Petition or July 6 Order, and failure to otherwise participate in this lawsuit since June 5, 2023 constitutes willful unreasonable delay.  Four of the Rule 41(b) dismissal factors weigh in favor of dismissal, whereas only one factor weighs against dismissal.  "While the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor." *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  The Court concludes that dismissal of this action for failure to prosecute and for failure to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV. CONCLUSION

IT THEREFORE IS ORDERED that this Petition is DISMISSED without prejudice.  No further filings shall be accepted under this case number.

## V. CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  The Court has considered whether a certificate of appealability is warranted.  *See* 28 U.S.C.

///
///
///
///

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). The Court concludes that a certificate of appealability is not warranted; thus, a certificate of appealability is **DENIED**.

DATED: September 20, 2023    _____
                                                          HONORABLE JAMES V. SELNA
                                                          UNITED STATES DISTRICT JUDGE

Presented by:

_____
HONORABLE MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

8